IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> THURNAL ANTHONY GLOVER, <br><br> Defendant. | CRIMINAL CASE NO.: <br> 1:98-CR-316 <br> 1:10-MJ-01325-LTW |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Thurnal Glover's ("Defendant") Motion to Dismiss Detainer (the "Motion").[1] [Criminal Action No. 1:10-MJ-325, Doc. 4]. The Government has filed a response in opposition to the Motion. [Criminal Action No. 1:10-MJ-325, Doc. 7]. For the reasons provided below, the Court **RECOMMENDS** that the Motion be **DENIED**. [Criminal Action No. 1:10-MJ-325, Doc. 4].

---

[1] Defendant was pro se when he filed the Motion to Dismiss Detainer. On April 28, 2020, Katryna Lyn Spearman filed a Notice of Appearance as attorney of record for Defendant. [Criminal Action No. 1:10-MJ-325, Doc. 6]. Accordingly, Defendant's request for appointment of counsel is **DEEMED MOOT**. [Criminal Action No. 1:10-MJ-325, Doc. 4, at 2-3].

I. **Background**

On August 19, 1998, Defendant entered a guilty plea to armed robbery (four counts) and aiding and abetting the use of a firearm during a crime of violence. [See United States v. Glover, 1:98-cr-316, Doc. 5]. On December 4, 1998, Defendant was sentenced to serve 157 months in custody and 50 hours in a residential alcohol/drug treatment program, to pay restitution to two banks, and to serve five years on supervised release. [United States v. Glover, 1:98-cr-316, Doc. 8].

Defendant was released from prison and began serving his five-year term of supervised release on January 14, 2010. [United States v. Glover, 1:98-cr-316, Doc. 10]. Eight months after Defendant began his supervised release, he was arrested for armed bank robbery on September 9, 2010. [See Criminal Action No.1:10-MJ-325, Doc. 1]. Based on the September 9, 2010 bank robbery, a Criminal Complaint was filed in this case on September 15, 2010. [Criminal Action No. 1:10-MJ-325, Docs. 1, 2]. In addition, on September 22, 2010, a sealed petition and order for Defendant to show cause why his supervised release should not be revoked and a warrant indicating no bond was filed in Defendant's earlier armed robbery action. [United States v. Glover, 1:98-cr-316, Doc. 10]. The Government dismissed the Criminal Complaint on February 10, 2011. [Criminal Action No. 1:10-MJ-325, Doc. 2].

According to the Government, Defendant's 2010 bank robbery case was prosecuted by Fulton County; Defendant was found guilty of armed robbery; Defendant was sentenced to serve ten (10) years in custody; and Defendant is expected to complete his term of incarceration on September 9, 2020. [Criminal Action No. 1:10-MJ-325, Doc. 7].

## II. Discussion

In his Motion, Defendant asks the Court to "dismiss the detainer and any federal accusation or indictment in connection with his State of Georgia Indictment; State of Georgia v. Thurnal Glover; case no. 10SC95295; and United States Marshal case; 10mj1325." [Criminal Action No. 1:10-MJ-325, Doc. 4, at 1]. In his Motion, Defendant argues the detainer should be dismissed because any accusation or federal indictment against him would violate his Fifth Amendment rights and subject him to double jeopardy. [Id. at 2]. Defendant also argues "any detainer, accusation, or indictment using the term (armed), or mention of any weapon should be dismissed, as it would violate Defendants (sic) Eighth (8th) Amendment Rights and subject Defendant to cruel and unusual punishment." [Id.].

Responding in opposition, the Government argues Defendant fails to allege facts to support a dismissal of his detainer. The Government also contends that

Defendant's detainer relates to his armed bank robbery conviction in 1998 and his violation of the terms of his supervised release. At this juncture, the Government asserts that it is not seeking to indict the Defendant for the 2010 bank robbery, therefore, Defendant has no basis to allege a double jeopardy claim. Lastly, the Government argues Defendant's federal supervised release term tolled upon the issuance of the federal probation violation warrant.

Having read and considered Defendant's Motion and the Government's response thereto, the Court agrees that Defendant has failed to provide facts sufficient to support a dismissal of the detainer lodged in United States v. Glover, 1:98-cr-316, Doc. 10. First regarding Defendant's supervised release violation, it is undisputed that only months after starting his five-year term of supervised release, Defendant violated the terms and conditions of his supervised release by committing another felony offense, a bank robbery. Second, because Defendant still had over four years left on his supervised release, the time remaining on his federal supervised release was tolled by the filing of the detainer in his first armed robbery case. See United States v. Okoko, 365 F.3d 962, 964 (11th Cir. 2004) ("[A] violation of a supervised release period prior to its expiration effectively tolls it[.]" (citing 18 U.S.C. § 3624(e))).

Third, even if the Government decided to indict Defendant for the September 10, 2010 bank robbery, double jeopardy would not bar his prosecution in federal court. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," and applies to both successive prosecutions and successive punishments for the same criminal offense. U.S. Const., amend. V.; United States v. Dixon, 509 U.S. 688, 695-96 (1993) (citing North Carolina v. Pearce, 395 U.S. 711 (1969)). The Fifth Amendment's prohibition only bars successive prosecutions, however, if the two prosecuted offenses are the "same" for double jeopardy purposes. Heath v. Alabama, 474 U.S. 82, 87 (1985). Under the dual sovereignty doctrine, an offense is not the "same" for double jeopardy purposes when it violates the law of two separate sovereigns. Id. at 88-89. The United States Supreme Court has uniformly held that the states are separate sovereigns with respect to the federal government because each state's power to prosecute is derived from its own "inherent sovereignty," not from the federal government. Id. at 89 (citing United States v. Wheeler, 435 U.S. 313, 320 (1978); Abbate v. United States, 359 U.S. 187, 193-194 (1959) (collecting cases); United States v. Lanza, 260 U.S. 377, 382 (1922)). Accordingly, the Double Jeopardy Clause does not prohibit the federal government from prosecuting a defendant for

violating federal law based on conduct for which a state previously prosecuted him under state law.

Applying the law to the facts of this case, this Court finds that the Double Jeopardy Clause would not bar a federal prosecution. Defendant is currently serving a sentence for violating laws of the State of Georgia. Another indictment, however, would charge Defendant with violating the laws of the United States. Thus, a subsequent prosecution of Defendant would not be a violation of the Double Jeopardy clause.

Finally, Petitioner has failed to demonstrate a constitutional violation or violation of federal law. Federal detainers "are issued by the United States Marshal and merely request that state prison officials notify the Marshal of a prisoner's release date so that a deputy marshal may be present on that day to take custody of the prisoner." United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983). Further, there is no legal right to provide prisoners subject to a federal detainer an adversary hearing until they are taken into federal custody by execution of the warrant. Therefore, the Defendant will not have a right to challenge the detainer until such time as he is taken into federal custody on the violation warrant. Jauregui v. United States, No. 4:14cv665-MW/CAS, 2015 WL 248411, at *5 (N.D. Fla. Jan. 20, 2015), report

and recommendation adopted, at *1.

## CONCLUSION

Based on the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Detainer be **DENIED**. [Doc. 4]. The Clerk is direct to assign this case to a District Court Judge.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED,** this  26  day of June, 2020.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE